UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

ALLEN SANFORD and BRYANT DILL

Individually and on behalf of
all others similarly situated,

Plaintiffs,

v. CASE NO. **17-cv-1071**

PREFERRED STAFFING, INC.,
STAFFWORKS, INC., and KLEEN
TEST PRODUCTS CORPORATION. JURY TRIAL DEMANDED

as.

---

**COLLECTIVE AND CLASS ACTION COMPLAINT**

---

**PRELIMINARY STATEMENT**

1. Individual and Representative Plaintiffs, Allen Sanford and Bryant Dill, bring this action, on their own behalf and on the behalf of the members of the proposed classes identified below. Plaintiffs Allen Sanford, Bryanforant Dill and the putative class members are or were employed by Defendants KLEEN TEST PRODUCTIONS CORPORATION, PREFERRED STAFFING, INC. and STAFFWORKS, INC and were denied wages, including overtime, under illegal pay policies and practices in violation of the Fair Labor Standards Act of 1938, as amended, ("FLSA") and Wisconsin wage and hour laws. Under these policies and practices Plaintiffs and other employees working in these positions were suffered and permitted to perform work for Defendants for which they were not compensated. Plaintiff's and the putative class and collective class members are similarly situation under Fed. R. Civ. P. 23 and 29 U.S.C. §216(b) as they commonly suffered wage losses under this policy.

2. Plaintiffs bring this action, individually and on behalf of others similarly situated, pursuant to the FLSA for purposes of obtaining relief for unpaid overtime compensation, unpaid wages, back pay, liquidated damages, costs, attorneys' fees, injunctive relieve, and/or any such other relief that the Court may deem appropriate. In addition, Plaintiffs bring this action, individually and on behalf of all other similarly situated, pursuant to Wisconsin wage and hour laws, Wis. State §§ 109.01 *et seq*., 104.001 et seq., 103.01 *et seq*., Wis. Admin Code §§DWD 272.001 et seq., and DWD 2740.01 et seq. for purposes of obtaining relief for unpaid overtime compensation, unpaid agreed upon wages, back pay, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or nay such other relief that the Court may deem appropriate.

3. Defendants PREFERRED STAFFING, INC., STAFFWORKS, INC., and KLEEN TEST PRODUCTIONS CORPORATION'S willful failure to compensate Plaintiffs and the putative class members for all hours worked, and enforcement of an illegal on call waiting time policies violates the FLSA and Wisconsin state law.

**JURISDICTION AND VENUE**

4. The Court has original jurisdiction to hear the Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. §§ 201 *et seq*.

5. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin because a substantial part of the events

giving rise to the claims occurred within the District and all named Defendants have substantial and systematic contacts in this District.

**PARTIES**

7. Defendants PREFERRED STAFFING, INC. ("Preferred") and STAFFWORKS, INC. ("Staffworks"), are domestic corporations incorporated in the State of Wisconsin, with their principal office located in Milwaukee County, Wisconsin. Preferred and Staffworks are joint employers operating out of the same location and are staffing agencies that create and enforce policy and control over the same employees. The registered agent for both Preferred and Staffworks for service of process in the State of Wisconsin is Robert K Korb located in Wauwatosa, Wisconsin.

8. Defendant KLEEN TEST PRODUCTS CORPORATION ("Kleen Test"), is a domestic corporation incorporated in the State of Wisconsin, with its principal office located in Milwaukee County, Wisconsin. According to it's website Kleen Test is a "leading, full-service contract manufacturer" that "discreetly develops, manufactures and packages wet wipes, dryer sheets, liquids, pads, lotions, soaps, confectionery products and more." Kleen Test, Preffered and Staffworks are joint employers that create and enforce policy and control over, and benefit from the same employees. Kleen Test's registered agent for service of process in the State of Wisconsin is Foley & Lardner, LLP located in Milwaukee, Wisconsin. All heretofore named Defendants shall be known collectively as "Defendants."

10. Plaintiff Allen Sanford is an adult resident of Milwaukee County in the State of Wisconsin who was simultaneously employed by all three Defendants during the statutory period. Plaintiff Allen Sanford's consent form is attached hereto as Exhibit A and is made a part of this Complaint.

11. Plaintiff Bryant Dill is an adult resident of Milwaukee County in the State of Wisconsin who was simultaneously employed by all three Defendants during the statutory period. Plaintiff Bryant Dill's consent form is attached hereto as Exhibit B and is made a part of this Complaint.

## FACTUAL ALLEGATIONS PERTAINING TO ALL CLAIMS

12. Plaintiffs, others similarly situated, and members of the Wisconsin Unpaid Wage Class worked on assembly lines at Kleen Test Facilities in Wisconsin under the direction of Defendants.

13. Defendants classified Plaintiffs and other similarly situated assembly line workers as non-exempt from the FLSA and Wisconsin overtime law.

14. Defendants paid Plaintiffs and other similarly situated Assembly Line Employees on an hourly basis starting at $8.00 per hour.

15. The FLSA requires covered employers, such as the Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per week.

16. The FLSA also required covered employers, such as the Defendants, to compensate all non-exempt employees at lest the minimum wage for all hours worked.

17. The FLSA required covered employers, such as Defendants, to make, keep, and preserve records of the hours worked by non-exempt employees.

18. Defendants had policies in place that required Assembly Line Employees to be checked-in, on-call and on Defendants' premises for at least two and a half hours prior to their "start time" and accrual of hourly wages, thereby requiring Assembly Line Employees to work without compensation in violation of the FLSA.

19. Specifically, Preffered and Staffworks required Assembly Line Employees to check in at its shared facility at 5325 W Rogers St, Milwaukee, Wisconsin 53219 between 8:00 pm and 8:30 pm. Failure of an employee to check in by 8:30 pm will result in their name being left of the roster for that night's assignment.

20. After being checked in Assembly Line Employees are required to remain on the premises to wait for their name to be called or they will be taken off the roster for that night's assignment.

21. Between 9:15 pm and 9:30 pm, names of Assembly Line Employees are called and directed to board a bus or van owned and operated by Defendants.

22. After the buses or vans are loaded, Assembly Line Employees are transported to one of two Kleen Test facilities in Milwaukee County and would arrive at approximately 10:30 pm where they are instructed to "clock-in," then sit and wait until 11:00 pm.

23. At 11:00 pm Assembly Line Employees are directed to an assembly line where they work on the line until 7:00 am.

24. Thereafter they must again board the buses or vans provided by Defendants and are transported to a bus stop approximately twenty minutes away, or back to Preferred and Staffwork's facility approximately forty minutes away.

25. Under this scenario, Assembly Line Employees are only compensated for time worked between 11:00 pm and 7:00 am.

26. Assembly Line Employees must take Defendants' bus and are not permitted to use their own transportation to arrive at Kleen Test facilities or to be picked up from Kleen Test facilities.

27. Assembly Line Employees are charged $7.00 per shift for the use of Defendants' mandatory transportation.

28. Assembly Line Employees were not allowed to step outside of the Kleen Test Facilities during their shift.

29. Should an Assembly Line Employee need to leave during the middle of a shift for any reason, they are charged with a $100.00 early transportation fee.

30. Defendants were aware, or should have been aware, that Plaintiffs and similarly situated Assembly Line Employees performed work that required payment of minimum wages and overtime compensation for all their hours worked.

31. Defendants routinely suffered and permitted Plaintiffs and similarly situated Assembly Line Employees to work long hours and did not pay them at least the minimum wage and overtime compensation for all hours worked.

32. Defendants' knowledge of this uncompensated work includes, without limitation, the "check-in" records of the Preferred and Staffworks prior to boarding vans and busses, the "clock-in" records of Kleen Test beginning approximately thirty minutes before work on an assembly line began and the mandatory use of Defendants' transportation shown as a deduction in Assembly Line Employee's paychecks.

33. Plaintiffs and similarly situated Assembly Line Employees were not compensated any wages for an average of three hours each night in which they were required to remain on Defendants' premises or vehicles and could not use their time effectively for their own purposes.

34. The accrual of additional hours worked but not compensated for each week would routinely entitle Plaintiffs and similarly situated Assembly Line Employees to weekly overtime compensation for which they were likewise not paid.

## FLSA COLLECTIVE ACTION ALLEGATIONS

34. Plaintiffs Allen Sanford and Bryant Dill bring this action individually and on behalf of all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The **Collective Wage Class** is defined as follows:

> All persons who are or have been employed as hourly employees through Preferred and/or Staffworks for duties to be performed at Kleen Test at any time during the statutory time period.

35. Plaintiffs and the Collective Class are victims of Defendants' widespread, repeated, systematic, and consistent illegal polices that have resulted in violations of their rights under the FLSA, 29 U.S.C. § 201 *et seq.*, and that have cause significant damage to Plaintiffs and the Collective Class.

36. Defendants willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 *et seq.*, as described in this Complaint in ways including, but not limited to, knowingly failing to pay employees minimum wages and overtime compensation and enforcing policies and procedures that would deprive employees of minimum wages and overtime compensation.

37. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

38. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and other similarly situated Assembly Line Employees, and, as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have suffered from Defendants' course of conduct, policies and practices of not paying Assembly Line Employees for all of their work hours, and who would

benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendants, and are readily identifiable through Defendants' records.

## WISCONSIN CLASS ALLEGATIONS

39. Plaintiffs also bring this action on behalf of themselves and the **Wisconsin Unpaid Wage Class** pursuant to Fed. R. Civ. P. 23(a) and (b). The Wisconsin Unpaid Wage Class is defined as:

> All persons who are or have been employed as hourly employees through Preferred and/or Staffworks for duties to be performed at Kleen Test at any time during the statutory time period.

40. The persons in the classes identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, upon information and belief, Defendants have employed more than 100 individuals who satisfy the definition of the class.

41. There are questions of law and fact common to the Rule 23 Classes that predominate over any questions solely affecting individual members of the class, including, but not limited to:

    a. Whether Defendants unlawfully failed to pay minimum wages to Plaintiffs and members of the Wisconsin Unpaid Wage Class in violation and within the meaning of Wis. Stat. § 104.02 and Wis. Admin. Code § DWD 272.03;

    b. Whether Defendants unlawfully failed to pay overtime wages to Plaintiffs and members of the Wisconsin Unpaid Wage Class in violation and within the meaning of Wis. Stat. § 103.03 and Wis. Admin. Code § DWD 274.03;

    c. Whether Defendants unlawfully failed to pay wages to Plaintiffs and members of the Wisconsin Unpaid Wage Class in violation and within the

meaning of Wis. Stat. § 109.03;

d. The work duties, amount of compensable work performed by Plaintiffs and members of the Wisconsin Unpaid Wage Class;

e. Whether all Defendants employed Plaintiffs and members of the Wisconsin Unpaid Wage Class within the meaning of Wisconsin Law; and

f. The proper measure of damages sustained by Plaintiffs and members of the Wisconsin Unpaid Wage Class.

g. Whether Defendants engaged in a common unlawful scheme to deny compensation in violation of FLSA and Wisconsin law.

42. Plaintiffs' claims are typical of those of the Wisconsin Unpaid Wage Class. Plaintiffs, like other members of the Wisconsin Unpaid Wage Class, were subjected to Defendants' illegal pay practice of suffering and permitting Assembly Line Employees to work without compensation.

43. Plaintiffs will fairly and adequately protect the interests of the Wisconsin Unpaid Wage Class and have retained counsel experienced in wage and hour litigation.

44. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual employees lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate defendant, particularly those with relatively small claims.

45. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3), because questions of law and fact common to the Wisconsin Unpaid Wage Class predominate over any questions affecting only individual members of the Wisconsin Unpaid Wage Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this

litigation. Defendants' common and uniform policies and practices denied the Wisconsin Unpaid Wage Class wages for work they performed and to which they are entitled. The damages suffered by individual Wisconsin Unpaid Wage Class members are small compared to the expense and burden of individual prosecution of this litigation.

46. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

47. Plaintiffs intend to send notice to all members of the Wisconsin Unpaid Wage Classes to the extent required by the Court and Rule 23.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF: FAILURE TO PAY OVERTIME AND MINIMUM WAGE COMPENSATION IN VIOLATION OF THE FLSA

48. Plaintiffs, individually and on behalf of the Collective Class, allege and incorporate by reference the allegations in the preceding paragraphs.

49. Plaintiffs and the members of the Collective Class are or were employees of Defendants within the meaning of 29 U.S.C. § 203(e).

50. The FLSA requires each covered employer to compensate all nonexempt employees at a rate not less than the federal minimum wage for all hours worked.

51. During the applicable statute of limitations, Plaintiffs and members of the Collective Class performed work for which they received less than the federal minimum wage.

52. The FLSA also requires each covered employer to compensate all nonexempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours per workweek.

53. During the applicable statute of limitations, Plaintiffs and members of the Collective Class performed work in excess of 40 hours per week without receiving overtime compensation.

54. Defendants' practices violate the FLSA including, but not limited to, 29 U.S.C. §§ 206 (minimum wage) and 207 (maximum hours). Because of these violations, Plaintiffs and members of the Collective Class have suffered a wage loss.

55. Defendants knew or showed reckless disregard for the fact that it failed to pay Plaintiffs and members of the Collective Class minimum wage and overtime compensation in violation of the FLSA.

**SECOND CLAIM FOR RELIEF:**
**FAILURE TO PAY WAGES IN VIOLATION OF WISCONSIN LAW**

56. Plaintiffs individually and on behalf of the Wisconsin Unpaid Wage Class allege and incorporate by reference the allegations in the preceding paragraphs.

57. The foregoing conduct, as alleged, violates Wis. Stat. §§ 103.03, 104.02, 109.03, and Wis. Admin. §§ DWD 272.03 and 274.03.

58. At all relevant times, Defendants have been, and continue to be, an "employer" within the meaning of Wis. Stat. §§ 103.001, 104.01 and 109.01(2).

59. At all relevant times, Plaintiffs and members of the putative Wisconsin Unpaid Wage Class were Defendants' employees within the meaning of Wis. Stat. §§ 103.001(5), 104.01(2), and 109.01(1r).

60. Wisconsin law requires an employer to pay overtime compensation to all non-exempt employees. Wis. Stat. § 103.02; Wis. Amin. § DWD 274.03.

61. Wisconsin law requires employers to pay employees at least the minimum wage for all hours. Wis. Stat. § 104.03; Wis. Admin. § DWD 272.03.

62. Wisconsin law requires employers to pay employees all wages earned by a

day not more than 31 days prior to the date of payment. Wis. Stat. § 109.03.

63. Plaintiffs and members of the Wisconsin Unpaid Wage Class are not exempt from the minimum wage and overtime pay requirements of Wisconsin law.

64. During the applicable statute of limitations, Defendants had a policy and practice of failing and refusing to pay minimum wages to Plaintiffs and members of the Wisconsin Unpaid Wage Class for all hours worked.

65. During the applicable statute of limitations, Defendants had a policy and practice of failing and refusing to pay all overtime wages to Plaintiffs and members of the Wisconsin Unpaid Wage Class for those weeks in which they worked in excess of 40 hours.

66. During the applicable statute of limitations, Defendants had a policy and practice of failing and refusing to pay wages, including minimum and overtime wages, to the Plaintiffs and members of the Wisconsin Unpaid Wage Classes for all hours they worked.

67. As a result of Defendants' willful failure to pay overtime, and minimum wages earned and due to Plaintiffs and members of the putative Wisconsin Unpaid Wage Class, Defendants have violated, and continues to violate Wis. Stat. §§ 103.03, 104.03, 109.03, and Wis. Admin Code §§ DWD 272.03 and 274.03.

68. Plaintiffs, on behalf of themselves and members of the Wisconsin Unpaid Wage Class seek recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendant, as provided by Wis. Stat. § 109.03(6).

69. Plaintiffs, on behalf of themselves and members of the putative Wisconsin Unpaid Wage Class seek damages in the amount of the unpaid wages earned and due as provided by Wis. Stat. §§ 103.03, 104.03 and 109.03, and any penalties due under Wis. Stat. § 109.11, as well as such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

**THIRD CLAIM FOR RELIEF**
**DECLARATORY AND INJUNCTIVE**

70. Plaintiffs individually and on behalf of the Wisconsin Unpaid Wage Class allege and incorporate by reference the allegations in the preceding paragraphs.

71. A dispute currently exists between the parties regarding whether Defendants maintained an illegal pay policy that deprived the Plaintiffs and Wisconsin Unpaid Wage Class of wages.

72. This Court is authorized to "declare rights, status, and other legal relations whether or not further relief is or could be claimed." Wis. Stat. § 806.04(1).

73. This Court is also authorized to grant "[f]urther relief based on a declaratory judgment… whenever necessary or proper."

74. Plaintiffs seek a declaration from the Court regarding cessation of Defendants' illegal pay practice with regard to the Plaintiffs and members of the putative Wisconsin Unpaid Wage Class.

WHEREFORE, Plaintiffs, on behalf of themselves and all members of the Collective Class and the Wisconsin Unpaid Wage Class pray for the following relief:

A. An order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to the Collective Class as defined above;

B. An order certifying this action as a class action on behalf of the proposed Wisconsin Unpaid Wage Class under Fed. R. Civ. P. 23(b)(2) and Fed. R. Civ. P(b)(3);

C. An order designating Allen Sanford and Bryant Dill as representatives of the Wisconsin Unpaid Wage Class;

D. An order declaring that Defendants maintain an illegal pay policy and enjoining Defendants from committing future violations of the FLSA and Wisconsin wage and hour laws;

F. Leave to add additional plaintiffs by motion, the filing of written consent forms,

or any other method approved by the Court;

G. An order finding that Defendants violated the FLSA and Wisconsin wage and hour laws;

H. Judgment against Defendants in the amount equal to Plaintiffs', the Collective Class', and Wisconsin Unpaid Wage Class' unpaid back wages at the applicable overtime, minimum, and regular wage rates;

I. An award in the amount of all liquidated damages and penalties as provided under Wisconsin law and the FLSA;

J. An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims;

K. Leave to amend the Complaint to add additional state law claims; and

L. Such further relief as the Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury.

Dated: August 3, 2017

LAW OFFICE OF ADAM M. KENT

s/Adam M. Kent

Adam M. Kent
LAW OFFICE OF ADAM M. KENT
7670 N. Port Washington Rd.
Suite 105
Milwaukee, WI 53217
(414) 446-5331
Attorney@adamkentlegal.com
WI Bar No.: 1099634

*Attorneys for Plaintiffs,*
*Allen Sanford and Bryant Dill*

LUBAR & LANNING, LLC

s/Steven Lubar
Steven Lubar
LUBAR & LANNING, LLC
7670 N. Port Washington Rd.
Suite 105
Milwaukee, WI 53217
(414) 375-4795
Steven@lubarlanning.com
WI Bar No.: 1089895